UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER LIVINGSTON, CDCR #D-64125,<br><br>         Plaintiff,<br><br>  vs.<br><br>D. UGBOR, Registered Nurse,<br><br>         Defendant. | Case No.: 3:18-cv-02199-LAB-JLB<br><br>**ORDER DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

**I. Procedural History**

Warner Livingston ("Plaintiff"), currently incarcerated at California State Prison Solano in Vacaville, California, is proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983.

Plaintiff prepaid the $400 filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he submitted his Complaint on September 21, 2018. (*See* ECF No. 1-1, Receipt No. 104780.) Thus, unlike most *pro se* litigants, he is not proceeding *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). However, the docket has yet to show that Plaintiff has requested that the Clerk issue a summons, "present[ed] a summons to the clerk for signature and seal" pursuant to Fed. R. Civ. P. 4(b), or has executed service upon the Defendant. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991)

(absent a specific request and court order that the U.S. Marshal effect service on their behalf pursuant to FED. R. CIV. P. 4(c)(3), persons who prepay civil filing fees "remain[] responsible for timely service."); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

**II.     Screening pursuant to 28 U.S.C. § 1915A**

    A.     Standard of Review

Regardless of service or IFP status, however, Plaintiff remains and was a prisoner at the time he filed his Complaint. "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1915A(c). *See also Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (citing 28 U.S.C. § 1915(h), 1915A(c); 42 U.S.C. § 1997e(h)).

Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas*, 856 F.3d at 1283 (quoting 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the

///
///
///

expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).[1]

Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Plaintiff's Allegations

Plaintiff's claims are brief and straightforward. On March 14, 2016, while he was incarcerated at Centinela State Prison in Imperial, California ("CEN"), D. Ugbor, a Registered Nurse employed by the prison, "refused to treat him" or to examine his right knee, which was "swollen from walking to the clinic" and causing him "serious pain." (*See* Compl., ECF No. 1 at 3.) Instead, Plaintiff contends Ugbor directed him to complete a CDC 7362 medical request form, asked that a medical custody officer escort him back to his housing unit, and told him to come back the next day. (*Id.*) Plaintiff claims he "painfully limped away," and reported his "medical situation" to a sergeant, who called the clinic at Plaintiff's request. (*Id.*) Nurse Ugbor reported that Plaintiff had been

---

[1] A similar screening would be required if Plaintiff were proceeding IFP. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

3

3:18-cv-02199-LAB-JLB

prescribed pain medication, and informed the sergeant he would be seen the following day. (*Id.*)

Plaintiff contends Ugbor's "refusal" on March 14, 2016 "caused more damage to both [his] knees" and that he now has "permanent damage as a result." (*Id.*) He seeks $185,000 in general and punitive damages, and requests "proper physical therapy." (*Id.* at 5.)

C. 42 U.S.C. § 1983

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

Plaintiff claims Defendant Ugbor was employed by the California Department of Corrections and acted in her official and individual capacity as a registered curse at CEN when she allegedly refused to treat his knee on March 14, 2016. *See* Compl., ECF No. 1 at 2-3; *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006) (noting that while there is no "'rigid formula' for determining whether a state or local law official is acting under color of state law …[,] [s]tate employment is generally sufficient to render the defendant a state actor.") (citations omitted).

Therefore, the Court need only consider whether Plaintiff's Complaint "contain[s] sufficient factual matter" to demonstrate that Ugbor "through [her] own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 678.

D. Eighth Amendment Claim

Plaintiff claims Nurse Ugbor acted with "deliberate indifference to [his] medical treatment/care" when she "refused to treat him" in the medical clinic in response to his swollen right knee and complaints of "serious pain." (*See* Compl., ECF No. 1 at 3.) But this is a legal conclusion—and one that is not entitled to the assumption of truth unless it is further supported by factual allegations that state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79.

4

3:18-cv-02199-LAB-JLB

Where a prisoner's constitutional claim is one for inadequate medical care, he must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The plaintiff must first establish a "serious medical need by demonstrating that [the] failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett,* 439 F.3d at 1096 (citation omitted). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991) (quoting *Estelle*, 429 U.S. at 104), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Next, plaintiff must show that the defendant's response to his objectively serious medical need was deliberately indifferent. *Jett*, 439 F.3d at 1096. To establish deliberate indifference, a prisoner must allege facts to show: (1) a purposeful act or failure to respond to the prisoner's pain or possible medical need; and (2) harm caused by the indifference. *Id.* "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 828, 837 (1994)). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Here, even assuming Plaintiff's swollen knee and complaints of pain are sufficient to show he suffered a serious medical need on March 14, 2016, when he presented himself to Nurse Ugbor in CEN's medical clinic, he has failed to allege further facts sufficient to show Ugbor ignored—let alone purposefully ignored—that need. *See Jett,* 439 F.3d at 1096. Instead, Plaintiff concedes that after he reported "serious pain in his

5

right knee" to Ugbor, she directed him to complete a CDC 7362 medical request form, and arranged for him to return to the clinic for a follow-up examination on the following day. (*See* Compl., ECF No. 1 at 3.) Plaintiff further admits that while he had "painfully limped" to and from the clinic, he was nevertheless prescribed pain medication in the interim. (*Id.*)

Thus, as currently alleged, the Court finds Plaintiff's Complaint fails to contain "sufficient factual matter, accepted as true" to plausibly show Ugbor deliberately ignored his serious medical needs. *Iqbal*, 556 U.S. at 678. At most, Plaintiff's Complaint alleges either negligence or a difference of opinion between him and Ugbor as the emergent nature of his condition or the appropriate course of treatment. Neither scenario plausibly supports an Eighth Amendment violation. *See Toguchi*, 391 F.3d at 1058 ("[A] mere difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference.") (internal citation omitted); *Reed v. Marshall*, 1993 WL 372255, at *3 (N.D. Cal. Sept. 14, 1993) ("[A] difference of opinion, or even negligence in providing medical care, does not rise to the level of an Eighth Amendment violation." (internal citation omitted)).

Simply put, Plaintiff's belief that he should have received a more immediate intervention and/or a different course of orthopedic treatment does not give rise to an Eighth Amendment claim. *See Vaught v. Miranda*, 2012 WL 525573, at *11 (E.D. Cal. Feb. 16, 2012), *aff'd*, 502 Fed. Appx. 709 (9th Cir. 2013) ("Plaintiff's belief that he should have received a MRI is no more than a difference of opinions between plaintiff and the defendants who provided and/or reviewed his medical treatment."); *Estelle*, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); *Lively v. Tovar*, 2012 WL 838483, at *5 (S.D. Cal. Feb. 14, 2012) ("Even if [p]laintiff's self-diagnosis were correct, this would not amount to deliberate indifference."). Thus, without more, Plaintiff's allegations are insufficient to show that Ugbor's chosen treatment plan—pain medication and a follow-up visit the next day, as opposed to some other unidentified course of action—was

6

3:18-cv-02199-LAB-JLB

medically unacceptable under the circumstances, and was implemented in conscious disregard of an excessive risk to Plaintiff's health. *See Toguchi*, 391 F.3d at 1058; *see also Chavira v. Olukanmi*, No. LACV157371PAJCG, 2018 WL 1779349, at *2-3 (C.D. Cal. Mar. 14, 2018) (finding no deliberate indifference where prisoner alleged to have been treated with non-steroidal anti-inflammatory medication for knee pain, but was denied a requested MRI), *report and recommendation adopted*, No. LACV157371PAJCG, 2018 WL 1787511 (C.D. Cal. Apr. 11, 2018).

Accordingly, the Court finds that Plaintiff's Complaint fails to state a plausible Eighth Amendment inadequate medical care claim against Defendant Ugbor, and that therefore, it is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915A(b)(1). *See Wilhelm,* 680 F.3d at 1121.

### E. Leave to Amend

Because Plaintiff is proceeding without counsel and it is not "absolutely clear that the deficiencies of [his] complaint could not be cured by amendment," the Court will grant him leave to fix them, if he can. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("'Before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively.'") (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).[2]

---

[2] Because Plaintiff is not proceeding IFP, he is further cautioned that he ultimately remains responsible for effecting personal service in this case should he elect to file an Amended Complaint and should that pleading survive the sua sponte screening required by 28 U.S.C. § 1915A. *See* Fed. R. Civ. P. 4(c)(1). However, Plaintiff need not serve his Amended Complaint before the Court has an opportunity to conduct its mandatory § 1915A review; and the Court will toll Rule 4(m)'s service clock while it conducts that screening. *See Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of process") (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996)).

### III. Conclusion and Order

For the reasons explained, the Court **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted.

Plaintiff's Amended Complaint must be entitled as his Amended Complaint, contain Civil Case No. 3:18-cv-02199-LAB-JLB in its caption, and be complete by itself without reference to his original pleading. Any Defendant not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: January 11, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge