1
2
3
4
5
6
7

8      UNITED STATES DISTRICT COURT

9      SOUTHERN DISTRICT OF CALIFORNIA

10

11    WARNER LIVINGSTON,                    Case No.:  3:18-cv-02199-LAB-JLB
      CDCR #D-64125,
12
                                            **ORDER DISMISSING AMENDED**
                          Plaintiff,        **COMPLAINT FOR FAILING**
13
                                            **TO STATE A CLAIM**
14              vs.                         **PURSUANT TO**
                                            **28 U.S.C. § 1915A(b)(1)**
15    D. UGBOR, Registered Nurse,

16                        Defendant.

17

18          Warner Livingston, incarcerated at California State Prison Solano in Vacaville,

19    California, is proceeding pro se in this civil rights action, filed pursuant to 42 U.S.C.

20    § 1983. Unlike most prisoners, Livingston is not proceeding *in forma pauperis* pursuant to

21    28 U.S.C. § 1915(a), but has instead pre-paid the civil filing fee as required by 28 U.S.C.

22    § 1914(a). (*See* ECF No. 1-1, Receipt No. 104780.)

23          On January 11, 2019, the Court conducted its mandatory initial screening of

24    Livingston's original Complaint pursuant to 28 U.S.C. § 1915A, and dismissed it *sua*

25    *sponte* for failing to state a claim. (*See* ECF No. 2.) The Court also granted him leave to

26    file an Amended Complaint in order to address the deficiencies of pleading it identified.

27    (*Id.* at 7-8; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A]

28    district court should grant leave to amend even if no request to amend the pleading was

1

made, unless it determines that the pleading could not possibly be cured.") (citations omitted).)

Livingston then requested and was granted an extension of time in which to comply with the January 11, 2019 Order. (ECF Nos. 5-6.) He has since filed his Amended Complaint ("FAC"). (ECF No. 7.)

## I. Screening pursuant to 28 U.S.C. § 1915A

### A. Standard of Review

Title 28 U.S.C. § 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

"On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).[1]

Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient

---

[1] A similar screening would be required if Plaintiff were proceeding IFP. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

3:18-cv-02199-LAB-JLB

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick*, 213 F.3d at 447 ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."). However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, the "[c]ourt[] must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading for all purposes."); *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

///

///

3:18-cv-02199-LAB-JLB

**B.** Amended Complaint

The factual allegations in Livingston's Amended Complaint do not differ significantly than those in his original Complaint. As he did previously, Livingston claims Defendant D. Ugbor, a registered nurse employed by the CDCR at Centinela State Prison ("CEN") "failed to examine" his swollen knee in the A-Yard Clinic on March 14, 2016. (*See* FAC, ECF No. 7 at 3.) Livingston spoke with Ugbor, informed her of the "serious pain" it was causing him, and explained that "walking on it cause[d] more pain." (*Id.*) Ugbor, however "refused to provide any type of medical treatment at that time," and instead "kicked Livingston out of the clinic." (*Id.*)[2] Livingston contends Ugbor's refusal to examine his knee resulted in "unnecessary pain and suffering and damage … caused by walking on it at the time." (*Id.*)

Livingston's knee pain persisted, and a doctor later administered steroid injections. (*See id.* & Ex. A at 7.) He received outpatient physical therapy on November 2, 2017, after he was transferred to CSP-Solano, *id.*, Ex. C, followed by a MRI of his right knee on November 4, 2014, which showed a large medial meniscus tear, a small radial tear of the lateral meniscus, and mild patellofemoral joint arthritis. (*Id.*, Ex. B at 9.)

Livingston concludes that Ugbor's failure to physically examine him on March 14, 2016, however, was the cause of his "continuous physical therapy," need for "more steroid

---

[2] Before "kick[ing] [him] out" of the clinic on March 14, 2016, Livingston previously admitted Ugbor directed him to complete a CDC 7362 medical request form, informed a yard sergeant that he had been prescribed pain medication, and indicated Livingston would be seen the following day. *See* Compl., ECF No. 1 at 3. Livingston now omits those allegations in the body of his FAC, but he attaches a Second Level Appeal Response to a CDCR 602 staff complaint he filed related to the March 14, 2016 incident which includes both his claim that Ugbor failed to "take[] [him] into an exam room for a physical assessment," and that she "told [him he] could wait to be seen tomorrow because [he] had pain medications ordered." *See* FAC, ECF No. 7, Ex. D at 13. The Court may consider this exhibit in determining whether Livingston has stated a plausible Eighth Amendment claim since it was attached as an exhibit to his pleading. *See Tellabs*, 551 U.S. at 322; Fed. R. Civ. P. 10(c); *Schneider*, 151 F.3d at 1197 n.1.

injections," and potential surgery. *Id.* at 3. He continues to seek $185,000 in general and punitive damages, and requests "proper physical therapy." *Id.* at 5.

### C. Eighth Amendment Medical Care Claims

Livingston claims Nurse Ugbor "violated [his] 8th Amendment rights against cruel and unusual punishment" when she failed to physically examine his knee in CEN's medical clinic on March 14, 2016. (*See* FAC, ECF No. 7 at 3.) But this is merely a "legal conclusion[] [that] can provide the framework of a complaint," and it "must be supported by factual allegations [that] … plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 678-79.

While the Eighth Amendment entitles Livingston to medical care, its prohibition of cruel and unusual punishment is violated only when a prison official acts with deliberate indifference to his serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds, Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (en banc); *Wilhelm*, 680 F.3d at 1122; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Livingston must allege facts sufficient to plausibly show: (1) he suffered from an objectively serious medical need, *i.e.*, the failure of which to treat could result in "further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

To support a claim of "deliberate indifference" Livingston's Amended Complaint must include sufficient factual content which plausibly shows Ugbor's "purposeful act or failure to respond to [his] pain or possible medical need, and [] harm caused by the indifference." *Jett*, 439 F.3d at 1096; *Iqbal*, 556 U.S. at 678. The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Wilhelm*, 680 F.3d at 1122. Ugbor may be found deliberately indifferent under this standard "only if

[she] 'knows of and disregards an excessive risk to [Livingston's] health and safety.'" *Jett*, 439 F.3d at 1096 (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)).

An "isolated exception" to an "overall [course of] treatment" however, is insufficient to support a claim of deliberate indifference. *Jett*, 439 F.3d at 1096. And "mere malpractice, or even gross negligence" in the provision of medical care also does not violate the Eighth Amendment. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990); *see also Farmer*, 511 U.S. at 835 (deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety'") (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)); *Wilhelm*, 680 F.3d at 1123 (a "negligent misdiagnosis" does not state a claim for deliberate indifference).

Finally, "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122-23 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, "the plaintiff 'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to the plaintiff's health.'" *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted); *Snow*, 681 F.3d at 988.

In other words, so long as Livingston's pleading includes allegations that Nurse Ugbor provided a medically acceptable course of treatment on March 14, 2016, her actions will not rise to level of deliberate indifference as a matter of law even if Livingston claims an alternative course of treatment was preferable to him and available to her. *Jackson*, 90 F.3d at 332.

D.    Discussion

The Court continues to assume, as it did with respect to the allegation in Livingston's original Complaint, that on March 14, 2016, when he appeared in Ugbor's medical clinic with a swollen right knee and complaints of "serious pain" and difficulty walking, that he

suffered from an objectively serious medical need. *See Wilhelm*, 680 F.3d at 1122; *Lopez*, 203 F.3d at 1131 ("serious medical needs" include "a medical condition that significantly affects an individual's daily activities," and "the existence of chronic and substantial pain") (citation and internal quotations omitted); *Abbott v. Tootell*, No. C 11-0183 LHK (PR), 2014 WL 726561, at *5, *8 (N.D. Cal. Feb. 25, 2014) (assuming prisoner's improperly healed Achilles tendon, swollen knee, separated shoulder, and complaints of "very severe pain" were objectively serious medical needs), *aff'd*, 631 F. App'x 487 (9th Cir. 2016).

However, Livingston still fails to include factual content sufficient to plausibly show Ugbor knew of and consciously disregarded any excessive risk to his health and safety when she failed to physically examine him on March 14, 2016, and instead noted he "had pain medications ordered," and directed him to return to clinic the following day. (*See* FAC, ECF No. 7, Ex. D at 13.) *Iqbal*, 556 U.S. at 678; *Jett*, 439 F.3d at 1096. Livingston does not include facts to plausible show how or why Ugbor's treatment decision was "medically unacceptable under the circumstances," and offers none to plausibly suggest she "chose this course in conscious disregard of an excessive risk to [his] health." *Hamby*, 821 F.3d at 1092 (citation omitted).[3] *See also Toguchi*, 391 F.3d at 1058; *Chavira v. Olukanmi*, No. LACV157371PAJCG, 2018 WL 1779349, at *2-3 (C.D. Cal. Mar. 14,

_____

[3] Livingston does claim Ugbor "violate[d] CDC Policies," *see* FAC, ECF No. 7 at 3 & Ex. D at 13, but there is no independent cause of action under § 1983 for a violation of Title 15 regulations. *See, e.g.*, *Chappell v. Newbarth*, 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Parra v. Hernandez*, No. 08CV0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir.1997); *see also Davis v. Kissinger*, 2009 WL 256574, *12 n. 4 (E.D. Cal. Feb. 3, 2009) ("[T]here is not a single reported state or federal case permitting an independent cause of action pursuant to these regulations [Cal. Code Regs. tit. 15 § 3268]"). Similarly, there is no liability under § 1983 for violating prison policy. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).

2018) (finding no deliberate indifference where prisoner alleged to have been treated with non-steroidal anti-inflammatory medication for knee pain, but was denied a requested MRI), *report and recommendation adopted*, No. LACV157371PAJCG, 2018 WL 1787511 (C.D. Cal. Apr. 11, 2018).

Thus, while Livingston's exhibits now show he was subsequently treated with steroids and given a MRI seven months later which revealed mild patellofemoral joint arthritis, no fracture, a large meniscus tear, and a small radial tear of the lateral meniscus in his right knee, *see* FAC Exs. A & B, ECF No. 7 at 7, 9, those facts may be "consistent with" a claim that his singular encounter with Ugbor on March 14, 2016 was too perfunctory, insufficient, or contributed to his continued pain. But without more, they simply "stop[] short of the line between possibility and plausibility of 'entitlement to relief'" under Eighth Amendment standards. *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007)); *Jett*, 439 F.3d at 1096; *Jackson*, 90 F.3d at 332; *see also Sublett v. Robertson*, No. CV 11-0539-TUC-FRZ, 2013 WL 11312736, at *6 (D. Ariz. Apr. 30, 2013) (finding no purposeful act, failure to respond, or harm caused by defendant despite prisoner's claims of continued pain and worsened condition over time), *aff'd*, 590 F. App'x 700 (9th Cir. 2015). "Deliberate indifference is a high legal standard," *Toguchi*, 391 F.3d at 1060, and a mere delay in medical treatment, without a plausible allegation of resulting harm, is insufficient to meet it. *See Edwards v. High Desert State Prison*, 615 F. App'x 457 (9th Cir. 2015) (citing *Wood*, 900 F.2d at 1335); *see also Colwell v. Bannister*, 763 F.3d 1060, 1081 (9th Cir. 2014). "In determining deliberate indifference, [courts must] scrutinize the particular facts and look for substantial indifference in the individual case [which] indicat[es] more than mere negligence or isolated occurrences of neglect." *Wood*, 900 F.2d at 1334 (citation omitted).

In other words, even if the Ugbor wrongly or negligently assessed the severity of Livingston's swollen knee on March 14, 2016, and failed to recognize an emergent need for a physical examination on that one occasion, a single oversight or incident of neglect does not an Eighth Amendment violation make. *See Jett*, 439 F.3d at 1096 ("If the harm is

8

an 'isolated exception' to the …'overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.'"). In sum, "the offending conduct must be wanton." *Colwell*, 763 F.3d at 1081 (citing *Wilson v. Seiter*, 501 U.S. 294, 302 (1991)).

### E. Leave to Amend

Because Livingston has already been provided a short and plain statement of his pleading deficiencies as to Nurse Ugbor, and an opportunity to allege additional facts which might plausibly state an Eighth Amendment claim for relief against her, it finds further attempts to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## II. Conclusion and Order

For all the reasons discussed, the Court dismisses Livingston's Amended Complaint sua sponte for failing to state a claim upon which § 1983 relief may be granted pursuant to § 1915A(b)(1) and without leave to amend.

The Clerk of Court is directed to close the file.

**IT IS SO ORDERED**.

Dated:  June 6, 2019

Hon. Larry Alan Burns
Chief United States District Judge

3:18-cv-02199-LAB-JLB